IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

RECEIVED

2021 JUL 14 P 1: 00

DEBRA P. HACKETT. CLK
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA

| | | |
|---|---|---|
| SAKANA JACKSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | CIVIL ACTION NO: |
| v. | ) | CV-2021        3:21-cv-473 |
| | ) | JURY DEMAND |
| | ) | |
| SODECIA AUTOMOTIVE, | ) | |
| AUBURN, LP., | ) | |
| | ) | |
| Defendant. | ) | |

## COMPLAINT

### I. INTRODUCTION

1.    This is an action for legal and equitable relief to redress retaliation against Sakana Jackson. The suit is brought to secure the protection of and to redress the deprivations of rights secured by Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§2000e *et seq.*, as amended by the Civil Rights Act of 1991, 42 U.S.C. §1981 and 42 U.S.C. §1981a, which provide for relief against race discrimination and retaliation in employment. Plaintiff seeks injunctive relief, equitable relief, compensatory and punitive damages, and requests a jury trial pursuant to 42 U.S.C. §1981a.

### II. JURISDICTION AND VENUE

2.    The jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§1331, 1343(a)(4) and 28 U.S.C. §§2201 and 2202.

3.    A substantial portion of the unlawful employment practices alleged hereinbelow were committed by the Defendant within Lee County. Venue is proper in this Court pursuant to 28 U.S.C. §1391(b).

4.      Plaintiff has filed her race discrimination and retaliation case within four (4) years of the discriminatory/retaliatory treatment and within 90 days of the receipt of the Notice of Right to Sue from the EEOC.

5.      Plaintiff requests a jury trial on all issues pursuant to 42 U.S.C. §1981a.

## III.      PARTIES

6.      Plaintiff, Sakana Jackson, is an African American female citizen of the United States and a resident of the State of Alabama.  At all times relevant to this lawsuit, Plaintiff was employed by Defendant at its Lee County location in Auburn, Alabama.

7.      Defendant, Sodecia Automotive Auburn, LP, is an employer doing business in this district. At all times relevant to this action, the Defendant is an employer within the meaning of 42 U.S.C. §1981 and Title VII of the Civil Rights Act of 1964. Venue is proper in this Court pursuant to 28 U.S.C. §1367 and 38 U.S.C. §4323(c)(2).

## IV.      ADMINISTRATIVE EXHAUSTION

8.      Plaintiff has satisfied all conditions precedent to the filing of this legal actions as required by Title VII.

9.      On or about July 7, 2020, Plaintiff timely filed a charge of discrimination with the Equal Employment Opportunities Commission (Charge #420-2020-02465).

10.      Plaintiff subsequently received a Right-To-Sue Notice from the EEOC and timely filed this complaint within ninety (90) days of the receipt of said Notice.

## V.      STATEMENT OF FACTS AND CLAIMS

11.      Plaintiff re-alleges and incorporates by reference paragraphs 1-10 above with the same force and effect as if fully set out in specific detail hereinbelow.

12.     Plaintiff was employed with Sodecia Automotive from August 20, 2019 until June 29, 2020.  Plaintiff initially worked as an Assembly/Weld Operator in the Production Department until September 2019 when she changed positions to become a Dock Auditor in the Quality Department.  Specifically, on or about September 16, 2019, Plaintiff was promoted to the position of Dock Auditor, by Landry Zetam, Quality Systems Manager.  Mr. Zetam left the company in late September 2019.

13.     On September 20, 2019, while in training, a production supervisor, Marlin Welch, told Plaintiff that she was being removed from the Dock Auditor position by Carlos Serra, Plant Supervisor.  Plaintiff met with Mr. Serra that day and he told Plaintiff that she could not be a Dock Auditor because she was not the right person for the position.  Plaintiff told Mr. Serra that she had a headache and went home for the day.  Plaintiff also told him that she would speak with HR on Monday about her removal from the position.

14.     On September 23, 2019, Plaintiff spoke with Sonya Pulsifer in HR about her removal from the Dock Auditor position.  Plaintiff told her what Mr. Serra had said and told Sonya that she thought he was discriminating against her because of her race and that she would speak with an attorney if she had to.  Sonya told Plaintiff that Mr. Serra could not do that because she was qualified for the Dock Auditor position.

15.     On September 24, Carlos Serra instructed Plaintiff to do a week of training that no one else had been required to do.  On October 1st, Plaintiff took Carlos the sign-off sheets for her training and he told her that if she messed up, she would be terminated and not allowed to go back to production.  Plaintiff again complained to Sonya about this statement and treatment by Carlos Serra.

16.     Between October 2019 and January 2020, Plaintiff complained to Sonya on multiple occasions about how Carlos and Patrick Raghubeer, General Manager, treated Hispanic employees better than they treated African-American employees.

17.     In January 2020, Plaintiff complained to Patrick Raghubeer about how he and Carlos treated Hispanic employees better than African-American employees.  They would give Hispanic employees overtime, but not allow African-Americans to work overtime.  Patrick took the fans away from the African-American employees and gave them to the Hispanic employees.  In December, some African-American employees were laid off and their machines were given to Hispanic employees with less seniority.  Patrick and Carlos would speak to Hispanic employees, but walk past African-American employees and not speak.  Patrick put his hand on Plaintiff's shoulder and told her that she was overreacting.

18.     In March 2020, Sodecia laid off its workers because of the Covid 19 pandemic, including Plaintiff.  They started calling people back after about 2 weeks.  Plaintiff was given the recall date of June 15, 2020.  After Plaintiff worked until noon on that day, June 15, 2020, she was called into a meeting and told that she was being laid off again because they were over budget.  Plaintiff was told that she would be called back when things were better.

19.     Plaintiff spoke with Sonya at the end of June 2020 and was told that she was still laid off because of over budgeting.  On July 7, 2020, Plaintiff texted Sonya to ask about her status.  Sonya called Plaintiff back the same day and told Plaintiff that she had been terminated.  Sodecia has now hired at least 3 Hispanic employees to work in Plaintiff's same department since she was laid off and now terminated.

20.     Plaintiff has suffered severe emotional distress, embarrassment and humiliation as

a result of the harassment and Defendant's conduct.

21.     Defendant's actions were willful, with malice and with reckless disregard for Plaintiff's rights.

<h3 style="text-align:center"><u>FIRST CAUSE OF ACTION: RACE DISCRIMINATION<br>PURSUANT TO 42 U.S.C. §1981 & TITLE VII</u></h3>

22.     Plaintiff re-alleges and incorporates by reference paragraph 1-21 above with the same force and effect as if fully set out in specific detail hereinbelow.

23.     Plaintiff brings this claim for race discrimination pursuant to Title VII of the Civil Rights Act of 1964, as amended in 1991, and 42 U.S.C. §1981.

24.     Plaintiff is African-American.

25.     Based on the totality of the facts presented above in paragraphs 11-21, Plaintiff has been discriminated against because of her race in her layoff and subsequent termination from Defendant.  Plaintiff showed up to work, was qualified for her position, and was terminated, allegedly because of budget concerns. However, similarly situated non-African-American employees have been hired after Plaintiff and after Plaintiff's termination, despite these budget concerns.

26.     Defendant's proffered reasons for termination were pretext for race discrimination.

27.     As a result of this discriminatory treatment, Plaintiff suffered damages in the form of lost wages, emotional distress and other compensatory damages.

28.     Defendant acted with either malice or with reckless indifference toward Plaintiff's federally protected rights.

29.     Plaintiff seeks to redress the wrongs alleged herein and this suit for back-pay plus interest, compensatory damages, punitive damages, and an injunctive and declaratory judgment is

her only means of securing adequate relief.  Plaintiff is now suffering and will continue to suffer irreparable injury from Defendant's unlawful policies and practices as set forth herein unless enjoined by this Court.

**SECOND CAUSE OF ACTION: RETALIATION
PURSUANT TO 42 U.S.C. §1981 & TITLE VII**

30.      Plaintiff re-alleges and incorporates by reference paragraph 1-21 above with the same force and effect as if fully set out in specific detail hereinbelow.

31.      Plaintiff engaged in protected activity by complaining about race discrimination numerous times to Sonya Pulsifer in Human Resources.  Plaintiff also complained about race discrimination to the General Manager.

32.      Plaintiff was then laid off and subsequently terminated because of her complaints about race discrimination.

33.      Defendant's actions are causally related to Plaintiff's protected activity.

34.      Defendant's reason for discharging Plaintiff was pretext for retaliation.

35.      As a result of this discriminatory/retaliatory treatment, Plaintiff suffered damages in the form of lost wages, emotional distress, and other compensatory damages.

36.      Defendant engaged in the practices complained of herein with malice and/or reckless indifference to Plaintiff's federally protected rights.

37.      Plaintiff seeks to redress the wrongs alleged herein and this suit for back-pay plus interest, compensatory damages, punitive damages, and an injunctive and declaratory judgment is her only means of securing adequate relief.  Plaintiff is now suffering and will continue to suffer irreparable injury from Defendant's unlawful policies and practices as set forth herein unless

enjoined by this Court.

## VI.    **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff respectfully prays that this Court assume jurisdiction of this action and after trial:

1.    Grant Plaintiff a declaratory judgment holding that actions of Defendant described herein above violated and continue to violate the rights of Plaintiff as secured by Title VII of the Civil Rights Act of 1964 and 42 U.S.C. §1981.

2.    Grant Plaintiff a permanent injunction enjoining Defendant, its agents, successors, employees, attorneys, and those acting in concert with Defendant and on Defendant's behalf from continuing to violate Title VII of the Civil Rights Act of 1964 and §1981.

3.    Grant Plaintiff an Order requiring Defendant to make Plaintiff whole by awarding her reinstatement, back-pay, interest, punitive and compensatory damages and/or nominal damages.

4.    Plaintiff further prays for such other relief and benefits as the cause of justice may require, including but not limited to, an award of costs, attorney's fees and expenses.

Respectfully submitted,

Kevin W. Jent
Counsel for Plaintiff

**OF COUNSEL**:

WIGGINS, CHILDS, PANTAZIS,
        FISHER & GOLDFARB, LLC
The Kress Building
301 19th Street North
Birmingham, Alabama 35203
205/314-0500
kjent@wigginschilds.com

PLAINTIFF DEMANDS A TRIAL BY JURY ON ALL
TRIABLE ISSUES

_____
OF COUNSEL

**<u>DEFENDANT'S ADDRESS TO BE SERVED</u>**
**<u>VIA CERTIFIED MAIL:</u>**

Sodecia Automotive Auburn, LP
c/o National Registered Agents, Inc.
2 North Jackson Street, Suite 605
Montgomery, Alabama 36104